JENNIFER SARNELLI (CA SBN 242510)
jsarnelli@gardylaw.com
**GARDY & NOTIS, LLP**
560 Sylvan Avenue
Englewood Cliffs, New Jersey 07632
Telephone:  201.567.7377
Facsimile:  201.567.7337

*Attorneys for Plaintiffs Ross Corriette
and James Waldron*

WILLIAM L. STERN (CA SBN 96105)
WStern@mofo.com
**MORRISON & FOERSTER, LLP**
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Defendant
UNILEVER d/b/a BREYERS*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROSS CORRIETTE and JAMES WALDRON, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNILEVER d/b/a BREYERS,<br><br>　　　　　　　　Defendant. | Case No.    11-CV-01811-PJH<br><br>**CLASS ACTION**<br><br>**STIPULATION AND [PROPOSED] ORDER GOVERNING TREATMENT OF CONFIDENTIAL DISCOVERY** |

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following stipulated protective order.  The parties acknowledge that this order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in section 10 below, that this stipulated protective order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.     DEFINITIONS**

1.     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3.     "CONFIDENTIAL" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

4.     "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

5.     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party (as defined below).

     6.    <u>Producing Party</u>:  a Party or non-Party that produces Disclosure or Discovery Material in this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

     7.    <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

     8.    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

     9.    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

     10.    <u>House Counsel</u>:  attorneys who are employees of a Party.

     11.    <u>Counsel</u> (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

     12.    <u>Expert</u>:  a person who has been retained by a Party or its counsel to serve as a testifying or non-testifying expert or consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

     13.    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.**    **SCOPE**

     The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel whether in court or in other settings that might reveal Protected Material.

**4.**    **DURATION**

     Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

STIPULATION AND [PROPOSED] ORDER RE. CONFIDENTIAL DISCOVERY  
CASE NO. 11-CV-01811-PJH  
sf-3021535

2

## 5. **DESIGNATING PROTECTED MATERIAL**

1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-Party that designates information or items for protection under this Order must, to the extent feasible, take care to limit any such designation to specific material that qualifies under the appropriate standards.  Notwithstanding the above, a Designating Party may designate a document in its entirety as Protected Material even though only portions of the document may qualify.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must, within a reasonable time, notify all other Parties that it is withdrawing the mistaken designation.  The designation by any Producing Party of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall constitute a representation that such material has been reviewed by an attorney for the Producing Party and that there is a valid basis for such designation.

2. <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must to the extent possible be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

   i. <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" on each page that contains protected material.

   A Party or non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection

1  under this Order, then, before producing copies of the specified documents, the Producing Party

2  must affix to the copies the appropriate legend ("CONFIDENTIAL" or "HIGHLY

3  CONFIDENTIAL-ATTORNEYS' EYES ONLY") on each page that contains Protected Material.

4     ii.  <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,

5  each Party or non-Party offering or sponsoring the testimony shall have up to 14 days after receipt

6  of the transcript to identify the specific portions of the testimony as to which protection is sought

7  and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

8  CONFIDENTIAL-ATTORNEYS' EYES ONLY").  Until the expiration of the 14 days after

9  receipt of the transcript or upon the designation or notice that no designation will be made,

10  whichever comes first, the testimony shall be maintained as "HIGHLY CONFIDENTIAL-

11  ATTORNEYS' EYES ONLY," subject to the exceptions in section 7(3).  Only those portions of

12  the testimony that are appropriately designated for protection within the 14 days shall be covered

13  by the provisions of this Stipulated Protective Order.

14  Transcript pages containing Protected Material must be separately bound by the court

15  reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

16  "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," if instructed by the Party or non-

17  Party offering or sponsoring the witness or presenting the testimony.

18     iii.  <u>for information produced in some form other than documentary, and for</u>

19  <u>any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the

20  container or containers in which the information or item is stored the legend "CONFIDENTIAL"

21  or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." If only portions of the

22  information or item warrant protection, the Producing Party, to the extent practicable, shall

23  identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or

24  "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

25    3.  <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified

26  information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS'

27  EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection

28  under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL"

STIPULATION AND [PROPOSED] ORDER RE. CONFIDENTIAL DISCOVERY     4
CASE NO. 11-CV-01811-PJH
sf-3021535

or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

　　　　1.　　<u>Meet and Confer</u>.  The parties shall meet and confer in good faith to resolve any challenges to a confidentiality designation.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  The challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

　　　　2.　　<u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable).

　　　　Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

　　　　1.　　<u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

　　　　Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    i.    the Parties to this action;

    ii.    the Receiving Party's Outside Counsel of record in this action, including employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    iii.    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    iv.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

    v.    the Court and its personnel;

    vi.    stenographers, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

    vii.    non-Party witnesses in the action to whom disclosure is reasonably necessary after having been advised of the existence and terms of this Order and having signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

    viii.    the author, addressee or prior recipient of the document or the original source of the information

    ix.    the Producing Party.

3. <u>Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" only to:

    i.    the Receiving Party's Outside Counsel of record in this action, including employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

1         ii.      House Counsel of a Receiving Party (1) who has no involvement in
2 competitive decision-making involving the subject matter of this action, and (2) to whom
3 disclosure is reasonably necessary for this litigation;

4         iii.      Experts (as defined in this Order) to whom disclosure is reasonably
5 necessary for this litigation and who have signed the "Agreement To Be Bound by Protective
6 Order" (Exhibit A);

7         iv.      the Court and its personnel;

8         v.      stenographers, their staffs, and Professional Vendors to whom disclosure is
9 reasonably necessary for this litigation;

10         vi.      non-Party witnesses in the action to whom disclosure is reasonably
11 necessary after having been advised of the existence and terms of this Order and having signed
12 the "Agreement To Be Bound By Protective Order" (Exhibit A); and

13         vii.      the author, addressee, or prior recipient of the document or the original
14 source of the information;

15         viii.      the Producing Party.

**8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax or email, if possible) no more than seven court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

1    The purpose of imposing these duties is to alert the interested parties to the existence of
2  this Protective Order and to afford the Designating Party in this case an opportunity to try to
3  protect its confidentiality interests in the court from which the subpoena or order issued.  The
4  Designating Party shall bear the burdens and the expenses of seeking protection in that court of its
5  confidential material - and nothing in these provisions should be construed as authorizing or
6  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

7  **9.**     **<u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

8    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
9  Material to any person or in any circumstance not authorized under this Stipulated Protective
10 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the
11 unauthorized disclosures, (b) use its best efforts to immediately retrieve all copies of the Protected
12 Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the
13 terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and
14 Agreement To Be Bound" that is attached hereto as Exhibit A.

15 **10.**    **<u>FILING PROTECTED MATERIAL</u>**

16   Without written permission from the Designating Party or a court order secured after
17 appropriate notice to all interested persons, a Party may not file in the public record in this action
18 any Protected Material.  A Party that seeks to file under seal any Protected Material must comply
19 with Civil Local Rule 79-5.
20   Where filings are made under seal, the Party filing the document shall lodge with the
21 Court's chambers an unredacted version of the filing.
22   Any Protected Material used openly in court hearings or trial will not be kept confidential
23 absent order of the Court, secured in advance of the use of such material.

24 **11.**    **<u>FINAL DISPOSITION</u>**

25   Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60)
26 days after the final termination of this action, each Receiving Party must undertake all reasonable
27 efforts to destroy all Protected Material.  The "final termination" shall occur when the time for
28 appeal or review of a final judgment expires or, if any appeal is filed and not dismissed, five (5)

1 business days after the final judgment is upheld on appeal in all material respects and is no longer
2 subject to review upon appeal or by writ of certiorari.  As used in this subdivision, "all Protected
3 Material" includes all copies, abstracts, compilations, summaries or any other form of
4 reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all
pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work
product, even if such materials contain Protected Material.  Any such archival copies that contain
or constitute Protected Material remain subject to this Protective Order as set forth in Section 4
(DURATION), above.

**12.** **MISCELLANEOUS**

1. Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

2. Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: August 3, 2011
MARK C. GARDY
JAMES S. NOTIS
KELLY A. NOTO
JENNIFER SARNELLI
**GARDY & NOTIS, LLP**

By:  /s/ Jennifer Sarnelli
       Jennifer Sarnelli

*Attorneys for Plaintiffs Ross Corriette and James Waldron*

Dated: August 3, 2011                         WILLIAM L. STERN
                                              **MORRISON & FOERSTER LLP**


                                              By:  /s/ William L. Stern
                                                       WILLIAM L. STERN

                                              *Attorneys for Defendant Unilever d/b/a Breyers*

### ECF ATTESTATION

I, William L. Stern, am the ECF User whose ID and Password are being used to file this: STIPULATION AND [PROPOSED] ORDER CONTINUING INITIAL CASE MANAGEMENT CONFERENCE.

In compliance with General Order 45, X.B., I hereby attest that William L. Stern and Jennifer Sarnelli have concurred in this filing.

Dated: August 3, 2011                         MORRISON & FOERSTER LLP


                                              By:  /s/ William L. Stern
                                                       William L. Stern

**[~~PROPOSED~~] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: 8/5/11

Honorable Phyllis J. Hamilton
United States District Jud

*IT IS SO ORDERED*
*Judge Phyllis J. Hamilton*

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *Corriette v. Unilever d/b/a Breyers*, Case No. 11-CV-01811-PJH (N. D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____