**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHANEE THURSTON, and TANASHA DENMON-CLARK on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONOPCO, INC. d/b/a UNILEVER (formerly d/b/a GOOD HUMOR-BREYERS) d/b/a BREYERS,<br><br>Defendant. | Case No. 10-cv-04937-PJH<br><br>[**PROPOSED**] **ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE AND SCHEDULING A FINAL SETTLEMENT HEARING**<br><br>Hon. Phyllis J. Hamilton<br><br>Court: |
| ROSS CORRIETTE and JAMES WALDRON on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNILEVER d/b/a BREYERS,<br><br>Defendant. | Case No. 11-cv-01811-PJH |

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION
CASE NOS. 10-cv-04937-PJH and 11-cv-01811-PJH
sf-3125880

The Court has considered the Class Action Settlement Agreement and Release, dated February 24, 2012 ("Settlement Agreement"), the joint motion for order preliminarily approving a class action settlement, directing the dissemination of notice, and setting a final settlement hearing, and all other papers filed in these actions. The Court conducted a hearing on March 28, 2012, with regard to the proposed settlement of these actions, and has fully considered the record of these proceedings, the representations, arguments, and recommendations of counsel for the moving parties, and the requirements of law. The matter having been submitted and good cause appearing therefore:

The Court finds as follows:

1.  All defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement executed by Plaintiffs and Defendants and filed with this Court.

2.  For purposes of settlement of the Actions, the Court has subject matter and personal jurisdiction over the Parties, including all Settlement Class Members, and venue is proper.

3.  The Plaintiffs and Defendant, through their counsel of record in the Actions, have reached an agreement to settle all claims in the Actions.

4.  The Settlement Agreement was entered into at arm's-length by experienced counsel and after extensive negotiations spanning over one year. The Settlement Agreement is not the result of collusion.

5.  The Court preliminarily approves the Settlement as being within the realm of reasonableness to the Settlement Class, subject to further consideration at the Final Approval Hearing described below, defined as:

> All persons in the United States who purchased Breyers Unilever Ice Cream Products from November 4, 2004 through the date of Preliminary Approval of the Settlement.

Excluded from the Settlement Class are: (i) Unilever and its employees, principals, affiliated entities, legal representatives, successors and assigns; (ii) any person who files a valid, timely Request for Exclusion; and (iii) the Judges to whom these Actions are assigned and any members of their immediate families.

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION
CASE NOS. 10-cv-04937-PJH and 11-cv-01811-PJH
sf-3125880

1

6.      The Court preliminarily concludes that, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Actions, should the proposed Settlement Agreement not ultimately be approved or should the Effective Date not occur, the proposed Rule 23(b)(2) and 23(b)(3) Settlement Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Settlement Class is ascertainable and so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law or fact common to the proposed Settlement Class, and there is a well-defined community of interest among members of the proposed Settlement Class with respect to the subject matter of the Actions; (c) the claims of Plaintiffs Chanee Thurston, Tanasha Denmon-Clark, Ross Corriette and James Waldron are typical of the claims of the members of the proposed Settlement Class; (d) Plaintiffs Chanee Thurston, Tanasha Denmon-Clark, Ross Corriette and James Waldron and the Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; (e) Unilever has engaged in a pattern of behavior subject to injunctive relief; and (f) for purposes of the Rule 23(b)(2) certification, injunctive relief predominates over monetary damages.

7.      Class Counsel may apply to the District Court for an award of attorneys' fees and for reimbursement of expenses to be paid by Defendant. Class Counsel agrees to file its application for attorneys' fees and expenses and incentive awards with the District Court a minimum of twenty-one days (21) prior to the deadline for objections as contemplated by Section VI.1.a of the Settlement Agreement in compliance with *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010), to provide class members with sufficient time to file any objection they might have to the application.

8.      Plaintiffs Chanee Thurston, Tanasha Denmon-Clark, Ross Corriette and James Waldron are hereby appointed as Class Representatives. Janet Lindner Spielberg of the Law Offices of Janet Lindner Spielberg, Michael D. Braun, of the Braun Law Group, P.C., Joseph N. Kravec, Jr., of Stember Feinstein Doyle Payne & Kravec, LLC, and James Notis of Gardy & Notis, LLP are hereby appointed Class Counsel.

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION
CASE NOS. 10-cv-04937-PJH and 11-cv-01811-PJH
sf-3125880

2

9. The Court also approves of the Parties' selection of Rust Consulting, Inc. to serve as the Claims Administrator for purposes of the settlement.

10. The Court approves the form and content of the Class Notice (attached hereto as Exhibit A). The Court finds that the publication of the Class Notice in the manner, timing, and form set forth in the Agreement satisfies due process. The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Class Members entitled to such Class Notice. The Court authorizes the Parties to make non-material modifications to the Class Notice prior to publication if the Parties jointly agree that any such changes are necessary under the circumstances.

11. If Settlement Class Members do not wish to participate in the Settlement, they may exclude themselves. In order to opt out, Settlement Class Members must complete and send via United States mail to the Claims Administrator, at (an address to be supplied by the Claims Administrator), a Request for Exclusion that is post-marked no later than 45 days after the Notice Date (the "Opt Out Date"). The Request for Exclusion must be personally signed by the Settlement Class Member requesting exclusion and contain a statement that indicates a desire to be excluded from the Settlement Class. So-called "mass" or "class" opt-outs shall not be allowed. Any Class Member who does not opt out of the settlement in the manner just described shall be deemed to be part of the Settlement Class.

12. Any potential Settlement Class Member who does not opt out may object to the settlement. Those who wish to object to the settlement must do so in writing no later than the Objection Date (the date forty-five (45) days after the Notice Date). In order to object, the Settlement Class Member must file with the Court, and provide a copy to Co-Lead Counsel and Unilever's Counsel a document that includes the following: (a) a heading which refers to the Action; (b) the objector's name, address, and telephone number; (c) a statement that the objector purchased Breyers Ice Cream Products at issue in the lawsuit; (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying counsel by name, address, and phone number; (e) a statement of

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION
CASE NOS. 10-cv-04937-PJH and 11-cv-01811-PJH
sf-3125880

3

the grounds supporting the objection; and (f) the objector's signature, even if he/she is represented by counsel.

13. Any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for Attorneys' Fees and Expenses or Incentive Awards. The agreed-upon procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection to the Settlement, in accordance with such Class Member's due process rights.

Good cause appearing therefore, IT IS HEREBY ORDERED that:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class Action Settlement Agreement is preliminarily approved.

2. A Class, defined as follows, is hereby certified for purposes of preliminary approval:

> All persons in the United States who purchased Breyers Unilever Ice Cream Products from November 4, 2004 through the date of Preliminary Approval of the Settlement.

3. Janet Lindner Spielberg of the Law Offices of Janet Lindner Spielberg, Michael D. Braun, of the Braun Law Group, P.C., Joseph N. Kravec, Jr., of Stember Feinstein Doyle Payne & Kravec, LLC, and James Notis of Gardy & Notis, LLP are hereby appointed as Class Counsel.

4. Plaintiffs Chanee Thurston, Tanasha Denmon-Clark, Ross Corriette and James Waldron are hereby appointed as Class Representatives.

5. The Court appoints Rust Consulting, Inc. to serve as the Claims Administrator for purposes of the settlement.

6. Notice of the settlement and the rights of Class Members to opt out of the settlement shall be given by issuance of publication notice and posting of a webpage consistent with the terms of the Settlement Agreement by the Notice Date (ninety-five days after the Preliminary Approval Date).

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION
CASE NOS. 10-cv-04937-PJH and 11-cv-01811-PJH
sf-3125880

4

7. Pursuant to Section XIII.5. of the Settlement Agreement, the Parties to the Settlement Agreement and their counsel shall not make any public statements regarding the settlement describing information unavailable in the public record, unless as otherwise allowed for in the Settlement Agreement.

8. The parties shall file their motion for final approval of the classwide settlement on or by July 18, 2012.

9. Plaintiff shall file any motion for approval of attorneys' fees, expense and incentive awards on or by July 25, 2012.

10. The parties shall file supplemental briefing including responses to any objections to the settlement on or by August 29, 2012.

11. The deadline for Class Members to opt-out of the Settlement is August 15, 2012.

12. All Class Members wishing to submit a Claim Form post-marked and mailed to the Claims Administrator at an address selected by the Claims Administrator on or by August 30, 2012.

13. A hearing shall be held before this Court on September 12, 2012 at 9 a.m. to consider whether the settlement should be given final approval by the Court:

 (a) Written objections by Class Members to the proposed settlement will be considered if received by the Court on or before the Objection Date, which is August 15, 2012;

 (b) At the Settlement Hearing, Class Members may be heard orally in support of or in opposition to the settlement; and

 (c) Class Counsel should be prepared at the hearing to respond to objections filed by Class Members and to provide other information as appropriate, bearing on whether or not the settlement should be granted final approval.

14. In the event that the Effective Date occurs, all Class Members will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void, except that Sections III.A.1., III.A.4., XI, XII.2., XII.3., XIII.2., XIII.4., XIII.5. and XIII.6.

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION
CASE NOS. 10-cv-04937-PJH and 11-cv-01811-PJH
sf-3125880

5

1  of the Settlement Agreement shall survive and be binding on the Parties, as described in Section
2  XII.4 of the Agreement.

3      15.    This Order shall not be construed or used as an admission, concession, or
4  declaration by or against Defendant of any finding of fault, wrongdoing, or liability. This Order
5  shall not be construed or used as a waiver or admission as to any arguments or defenses that
6  might be available to Defendant, including objections to class certification in the event that the
7  Settlement Agreement is terminated.

8      16.    The Court shall retain jurisdiction for the purposes of implementing the provisions
9  of this Order, and reserves the right to enter additional orders to effectuate the fair and orderly
10 administration and consummation of the settlement and to resolve any and all disputes that may
11 arise thereunder.

14 DATED: 3/30/12

HONORABLE PHYLLIS J. HAMILTON
United States District Court Judge

*IT IS SO ORDERED*
*Judge Phyllis J. Hamilton*

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION
CASE NOS. 10-cv-04937-PJH and 11-cv-01811-PJH
sf-3125880

6

# EXHIBIT A

*Thurston, et al. v. Conopco, Inc. d/b/a UNILEVER (formerly d/b/a GOOD HUMORBREYERS) d/b/a BREYERS*, Case No. 10CV04937PJH (N.D. Cal.)

*Corriette, et al. v. UNILEVER d/b/a BREYERS*, Case No. 11CV01811PJH (N.D. Cal.)

<u>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA</u>

# NOTICE OF PENDENCY OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING DATE FOR COURT APPROVAL

**If you purchased Breyers All Natural Original Ice Cream containing alkalized cocoa or Breyers Smooth & Dreamy 1/2 Fat All Natural Ice Cream containing alkalized cocoa ("Breyers Ice Cream") between November 4, 2004 and [DATE], you could get a payment from a class action settlement**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

This notice (the "Notice") informs you of a proposed settlement of class action claims against *Conopco, Inc. d/b/a UNILEVER (formerly d/b/a GOOD HUMORBREYERS) d/b/a BREYERS* ("Unilever") and describes your rights as a potential settlement class member. Unilever has agreed, under the terms of the settlement, to provide you with the opportunity to submit a valid and timely claim form through which you may be eligible to receive monetary compensation as discussed below.

*Your legal rights are affected whether you act, or don't act. Read this notice carefully.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT ||
|---|---|
| EVENT | DATE |
| **SUBMIT A CLAIM:** The last date that your claim form must be postmarked if you wish to be eligible to possibly receive a payment under the terms of the settlement. | August 30, 2012 |
| **EXCLUDE YOURSELF:** The last date to submit your written request to be excluded from the settlement if you are not willing to be bound by it and do not want to be eligible to receive a payment. | August 15, 2012 |
| **OBJECT:** The last date to write to the Court about why you don't like the settlement. | August 15, 2012 |

1

2

| **GO TO A HEARING:** Ask to speak in Court about the fairness of the settlement. | September 12, 2012 |
|---|---|
| **DO NOTHING:** Get no payment. Give up rights. | |

- **Any questions? Read on and visit [WEBSITE] or Call 1-800-XXX-XXXX**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** .................................................................................................................. **PAGE 3**

    1.  Why has this notice been publicized?
    2.  What is this lawsuit about?
    3.  What is a class action and who is involved?
    4.  Why is there a settlement?

**WHO IS IN THE SETTLEMENT** ...................................................................................................... **Page 4**

    5.  How do I know if I am part of the settlement?
    6.  I'm still not sure if I am included.
    7.  What is the Proposed Settlement?
    8.  Do I Have to do Anything?
    9.  When Will I Receive Payment?
    10. What am I Giving up by Participating in the Settlement?

**THE LAWYERS REPRESENTING YOU** .......................................................................................... **Page 5**

    11. Who are Class Counsel and Who Do They Represent?
    12. Should I Get My Own Lawyer?
    13. Attorney's Fees and Class Representative Compensation
    14. Why are Class Counsel Recommending This Settlement?

**WHAT IF I DO NOT WISH TO PARTICIPATE IN THE SETTLEMENT** ............................................. **Page 6**

    15. Your Right to Exclude Yourself From the Settlement
    16. How do I exclude myself from the Settlement?

**YOUR RIGHT TO OBJECT TO THE PROPOSED SETTLEMENT AND APPEAR AT**

**THE FINAL APPROVAL HEARING** ................................................................................................ **Page 7**

    17. What is the difference between objecting and excluding?
    18. How Can I Object to the Settlement?
    19. When and where will the Court decide whether to approve the settlement?
    20. Can I Appear at the Final Settlement Approval Hearing?

**IF YOU DO NOTHING** .................................................................................................................... **Page 8**

    21. What if I do nothing?

**GETTING MORE INFORMATION** .................................................................................................. **Page 9**

    22. Are any more details available?

# BASIC INFORMATION

| 1. Why has this notice been publicized? |
|---|

This Notice, given pursuant to an order of the Court dated _____, describes a proposed settlement of a class action against *Unilever Foods, Inc.* in two lawsuits entitled, *Thurston, et al. v. Conopco, Inc. d/b/a UNILEVER (formerly d/b/a GOOD HUMOR-BREYERS) d/b/a BREYERS*, Case No. 10-CV-04937-PJH (N.D. Cal.) and *Corriette, et al. v. UNILEVER d/b/a BREYERS*, Case No. 11-CV-01811-PJH (N.D. Cal.).

This Notice provides a summary of the terms of the proposed settlement. It also explains the lawsuit, your potential legal rights under the settlement, what benefits may be available to you under the settlement, and how to get them. **If you are a class member, your legal rights are affected whether you act or do not act so read this Notice carefully.**

| 2. What is this lawsuit about? |
|---|

These lawsuits were brought on behalf of consumers who purchased Breyers All Natural Original Ice Cream products or Breyers Smooth & Dreamy $1/2$ Fat All Natural Ice Cream products (collectively, the "Ice Cream Products"), both of which contained alkalized cocoa. The lawsuits allege that Unilever has misrepresented its Breyers brand Ice Cream products as being "all natural" despite the fact they contain alkalized cocoa, a non-natural processed ingredient that additionally contains potassium carbonate, a man-made, synthetic ingredient. Unilever denies it did anything wrong, and asserts its product labels and marketing of its Ice Cream Products were truthful and consistent with applicable laws.

The named plaintiffs are Chanee Thurston, Tanasha Denmon-Clark, Ross Corriette and James Waldron (collectively "Plaintiffs") and the Defendant is Conopco, Inc. d/b/a UNILEVER (formerly d/b/a GOOD HUMOR-BREYERS) d/b/a BREYERS ("Unilever" or "Defendant").

| 3. What is a class action and who is involved? |
|---|

In a class action, one or more people called Class Representatives (in this case Chanee Thurston, Tanasha Denmon-Clark, Ross Corriette and James Waldron), sue on behalf of people who have similar claims. All individuals with similar claims are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. United States District Court Judge Phyllis J. Hamilton is in charge of this class action.

| 4. | Why is there a settlement? |

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representative and the attorneys think the settlement is best for everyone who was a member of the Class.

## Who Is in the Settlement?

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

| 5. | How do I know if I am part of the settlement? |

You are a member of the proposed Settlement Class if you live in the United States and purchased Unilever Ice Cream Products between November 4, 2004 and (DATE). "Ice Cream Product" means Breyers All Natural Original Ice Cream containing alkalized cocoa or Breyers Smooth & Dreamy 1/2 Fat All Natural Ice Cream containing alkalized cocoa, including: (a) the following All Natural Original Ice Cream Flavors: Black Raspberry Chocolate, Chocolate Chip Cookie Dough, Chocolate Chip, Chocolate Cookies & Cream, Extra Creamy Chocolate, Mint Chocolate Chip, NASCAR Checkered Flag Vanilla & Chocolate, Rocky Road, Triple Chocolate, Vanilla, Chocolate, Vanilla Fudge Brownie, Vanilla Fudge Twirl, Vanilla, Chocolate, and Strawberry; AND (b) the following Smooth & Dreamy 1/2 Fat All Natural Ice Cream flavors: Caramel Tracks, Chocolate Chocolate Chip, Coffee Fudge Brownie, Cookies & Cream, Creamy Chocolate, Dark Chocolate Velvet, Mint Chocolate Chip, Rocky Road, and Vanilla Chocolate Strawberry.

| 6. | I'm still not sure if I am included. |

If you are still not sure whether you are included, you can get free help at 800-XXX-XXXX or by visiting [WEBSITE], or by writing to the class counsel in this case, at the address listed in question 11.

## THE PROPOSED SETTLEMENT

| 7. | What is the Proposed Settlement? |

Since filing the action, Plaintiffs, through class counsel, have conducted an investigation and taken discovery of the facts and have analyzed the relevant legal and factual issues. Class counsel obtained substantial information about the challenged practices through this process.

The Parties have agreed to enter into a settlement agreement after an extensive exchange of information, a vigorous armslength negotiation and a mediation before David Rotman, Esq., a professional mediator. If approved by the Court, the settlement agreement will result in dismissal of

5

this case and final resolution of all claims raised. Such dismissal will release Unilever from liability for the acts and practices that Plaintiffs challenged in the lawsuit. The settlement terms are described in full in a document called the Settlement Agreement (hereinafter "Agreement" or "Settlement"). The Agreement is available for your inspection at the clerk's office of the United States District Court for the Northern District of California. It is also available at www.         .com. The terms of the settlement, in summary form, are as follows:

1. The Settlement creates a settlement restitution of $2,500,000. Under the Settlement, an eligible Class member who purchased up to and including three (3) units of Breyers Ice Cream Products shall be entitled to receive compensation from the settlement restitution in the amount of two dollars ($2.00) per unit.

Class members who claim more than three (3) units of Ice Cream Products must submit proof of purchase, such as a receipt or container label. If you are an eligible Class member and wish to receive this benefit, you must timely submit a completed Claim Form to the claims administrator as described below. The claims administrator will determine the validity of all claims, subject to review by the Court. The Claim Form is attached to this Notice.

All claims shall be submitted via regular mail, and there shall be a maximum of $20.00 claimed per household.

2. Unilever will cease the use of the term "All Natural" in relation to Breyers Ice Cream Products that contain alkalized cocoa. This change in labeling applies to new labels printed after the Effective Date of the settlement.

3. Any amount remaining from the settlement restitution, after subtracting claims made and paid, will be distributed through the Unilever Foundation, or another affiliated Unilever charitable foundation, over a three year period commencing on final approval.

## YOUR RIGHTS AND OPTIONS

You have to decide whether to stay in the Class or ask to be excluded, and you have to decide this now.

### 8. Do I Have to do Anything?

If you are an eligible Class member and you wish to receive monetary compensation for Unilever Ice Cream Products that you purchased, you need to complete and submit an authenticated claim form in a timely manner. This form is necessary to ensure that only eligible Class members receive a monetary benefit. The claim form is available at the Settlement Website at www.         .com.

The fully completed certified claim form must be submitted via U.S. Mail to the claims administrator at _____, P.O. Box_____.

The deadline for submission of the claim form is August 30, 2012. The claim form must be submitted by mail and postmarked on or before August 30, 2012 to be timely.

| **9.** | **When Will I Receive Payment?** |
|---|---|

The Court will hold a final approved hearing on September 12, 2012 during which it will decide whether it will finally approve all terms of the Settlement. If the Court approves the Settlement, there may be appeals or other challenges. Checks will be mailed 35 days after the Court enters an order finally approving the settlement and all appeals (if any) are resolved. The progress of approval process and expected dates of payment will be updated periodically on the website and can also be obtained by calling the claims administrator's toll free number. The entire process could take more than a year, so please be patient.

| **10.** | **What am I Giving up by Participating in the Settlement?** |
|---|---|

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Unilever regarding the legal issues raised in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you sign the claim form, you will agree to release claims generally described below.

The Settlement provides that once the Court enters an order finding the proposed Settlement fair, adequate, and reasonable and all appeals have been resolved or all appeals periods have expired, those Class members who have not timely requested exclusion from these actions shall be deemed to have and by operation of the final judgment shall have fully, finally and forever released, relinquished, and discharged all released claims as set forth below.

Specifically, the Settlement is intended to settle any and all known and unknown claims against Unilever associated with the sale and marketing of its Ice Cream Products as "all natural."

The release will extend to Unilever and its past or present directors, officers, employees, partners, principals, agents, predecessors, successors, assigns, parents, affiliated and sister corporations, subsidiaries, licensees, divisions, and related or affiliated entities.

If the Settlement is approved by the Court and not otherwise terminated, the Court will dismiss the actions with prejudice, and bar the named Plaintiffs and each Class member from prosecuting the released claims. As a result, once the judgment of the Court in accordance with this Settlement has become final, each of the Class members and their legal successors in interest shall be deemed to have forever given up any released claims against Unilever and the other released parties. If you do not elect

to exclude yourself from the Class, you will be deemed to have entered into this release and to have released the above described claims. If the Settlement is not approved by the Court or does not become final for some other reason, the litigation will continue.

# THE LAWYERS REPRESENTING YOU

## 11. Who are Class Counsel and Who Do They Represent?

Class Counsel represent the Plaintiffs and all persons who are members of the Class as it pertains to the claims alleged in this lawsuit. Class Counsel are:

| | |
|---|---|
| Joseph N. Kravec, Jr.<br>**STEMBER FEINSTEIN DOYLE PAYNE & KRAVEC, LLC**<br>429 Forbes Avenue, 17th Floor<br>Pittsburgh, PA 15219 | Janet Lindner Spielberg<br>**LAW OFFICE OF JANET LINDNER SPIELBERG**<br>12400 Wilshire Blvd., Ste 400<br>Los Angeles, CA 90025 |
| Michael D. Braun<br>**BRAUN LAW GROUP, P.C.**<br>10680 W. Pico Blvd., Suite 280<br>Los Angeles, CA 90064 | James S. Notis<br>**GARDY & NOTIS, LLP**<br>560 Sylvan Avenue<br>Englewood Cliffs, NJ 07632 |

## 12. Should I Get My Own Lawyer?

If you do not exclude yourself from the Class, you do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

## 13. Attorney's Fees and Class Representative Compensation

Counsel for the Class have pursued the Actions on a contingent basis and have paid all costs of the Actions. These attorneys have not yet been paid or recovered any of their expenses associated with the Actions. As part of the Settlement, Class counsel will request that the Court award them attorneys' fees and expenses. They intend to request $625,000 in attorneys' fees and reasonable costs. This amount is on top of the fund created to benefit the class and accordingly is non dilutive of monies going to the Class. Class counsel's petition for fees and expenses will be filed with the court no later than July 25, 2012, and may be reviewed by any interested party. The petition will be available at www._____.com.

The petition will also request the payment of $1,500 to compensate each of the Plaintiffs for their efforts in the litigation, to be paid from the awarded attorneys' fees and expenses. The Court will determine the reasonableness of the attorneys' fee and expense request as well as the proposed Class Representative award at the fairness hearing.

### 14. Why are Class Counsel Recommending This Settlement?

Relative to the risks and costs of continuing the litigation, Class counsel believe this Settlement provides a favorable recovery which is in the best interest of the Class. Class counsel's collective evaluation in this regard is based on the extensive investigation and discovery they have undertaken, and upon their experience prosecuting similar cases.

Absent Settlement, Plaintiffs would have to survive a motion for summary judgment and if successful, still have the burden of establishing liability and the amount of damages at trial. The actions involve many unresolved factual and legal issues, some of which could be decided against Plaintiffs at or before trial, and which could jeopardize Plaintiffs' ability to obtain a favorable judgment.

Moreover, even if a favorable judgment were obtained at trial, it could well produce less net recovery to the Class members than the present Settlement.

## WHAT IF I DO NOT WISH TO PARTICIPATE IN THE SETTLEMENT

### 15. Your Right to Exclude Yourself From the Settlement

If you are a Class member, you may elect to exclude yourself from the Class settlement. You may need to be excluded from the Class if you already have your own lawsuit against Unilever for misbranding its Ice Cream Products and want to continue with it, or if you want to preserve the right to sue Unilever on your own for Unilever's misbranding its Ice Cream Products. If you exclude yourself from the Class – which also means to remove yourself from the Class, and is sometimes called "opting-out" of the Class – you will not get any money or benefits from this lawsuit even if the Plaintiffs obtain it as a result of the trial or from any settlement that may or may not be reached between Unilever and the Plaintiffs. However, you may then be able to sue or continue to sue Unilever for misbranding its Ice Cream Products. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

If you start your own lawsuit against Unilever after you exclude yourself, you will have to hire and pay your own lawyer for that lawsuit, and you will have to prove your claims. If you do exclude yourself so you can start your own lawsuit against Unilever, you should talk to your own lawyer soon because your claims may be subject to a statute of limitations.

### 16. How do I exclude myself from the Settlement?

If you wish to be excluded from the Settlement Class, you must send a completed Request for Exclusion Form to the claims administrator via U.S. Mail to: [address] in a timely manner. The Request for Exclusion Form must be postmarked on or before August 15, 2012 to be effective. The Request for Exclusion must be personally signed by the Settlement Class Member requesting exclusion and contain a statement that indicates a desire to be excluded from the Settlement Class. Exclusions can only be filed individually—not on behalf of a group or class. If you exclude yourself from the Class and the proposed Settlement is finally approved, you will not be entitled to receive any benefits of the Settlement and will remain free to pursue any legal rights you may have against Unilever at your own expense, but the representative Plaintiffs and their lawyers will not represent you as to any claims against Unilever.

## YOUR RIGHT TO OBJECT TO THE PROPOSED SETTLEMENT AND APPEAR AT THE FINAL APPROVAL HEARING

### 17. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### 18. How Can I Object to the Settlement?

If you're a Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter with the following information: (a) a heading which refers to the Action; (b) the objector's name, address, telephone number and e-mail address, and if represented by counsel, of your counsel; (c) a statement that the objector purchased Breyers Ice Cream Products at issue in the lawsuit; (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying counsel by name, address, and phone number; (e) a statement of the objection and the grounds supporting the objection; and (f) your signature, even if you are also represented by counsel.

Mail the objection to the following three places, postmarked no later than August 15, 2012:

| OFFICE OF THE CLERK | UNILEVER'S COUNSEL | PLAINTIFFS' CLASS COUNSEL |
|---|---|---|
| United States District Court<br>Northern District of California<br>Clerk's Office<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | William L. Stern<br>**MORRISON & FOERSTER LLP**<br>425 Market Street<br>San Francisco, CA 94105 | Joseph N. Kravec, Jr.<br>**STEMBER FEINSTEIN DOYLE PAYNE & KRAVEC, LLC**<br>429 Forbes Avenue, 17th Floor<br>Pittsburgh, PA 15219<br><br>and<br><br>James S. Notis<br>**GARDY & NOTIS, LLP**<br>560 Sylvan Avenue<br>Englewood Cliffs, NJ 07632 |

## 19. When and where will the Court decide whether to approve the settlement?

The court will conduct a "Final Approval Hearing" at the United States District Court for the Northern District of California, located at the Oakland Courthouse, Courtroom 3 - 3rd Floor 1301 Clay Street, Oakland, CA 94612 on September 12, 2012 at 9 a.m. (or at the dates and times to which the Court may, without further notice, reschedule the hearing). The purpose of the Final Approval Hearing will be to determine whether the proposed Settlement is fair, adequate, and proper and whether the Court should enter judgments approving the Settlement, awarding attorneys' fees and expenses, and dismissing the class action.

## 20. Can I Appear at the Final Settlement Approval Hearing?

You may attend the Final Approval Hearing, but your attendance is not required nor will it affect your eligibility to submit the claim form. You do not need to appear in Court, and you do not need to hire your own attorney to represent you in this case, although you are free to do so. Any Class member may appear at the Final Approval Hearing (also known as the "Fairness Hearing") in person or by a duly appointed authorized attorney and show cause, if any, why the Settlement should not be approved.

## IF YOU DO NOTHING

| 21. | What if I do nothing? |

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Unilever about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

| 22. | Are there any more details available? |

Yes. You can call 1-800-000-0000 toll free; write to _____ or visit the Settlement website at www._____.com, where you will find answers to common questions about the Settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

PLEASE DO NOT TELEPHONE THE COURT OR THE CLERK OF THE COURT OR COUNSEL FOR UNILEVER FOR INFORMATION