United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEE THURSTON, et al., | |
|     Plaintiffs, | No. C 10-4937 PJH |
|     v. | |
| CONOPCO, INC. d/b/a UNILEVER, | **ORDER DENYING MOTION TO CONSOLIDATE AND MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL** |
|     Defendant. | |
| ROSS CORRIETTE, et al., | |
|     Plaintiffs, | No. C 11-1811 PJH |
|     v. | |
| UNILEVER d/b/a BREYERS, | |
|     Defendants | |

    Before the court is the motion of plaintiffs in the above-entitled related actions for an order consolidating the actions and appointing interim co-lead counsel. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court finds that the motion must be DENIED.

    Pursuant to Federal Rule of Civil Procedure 42, if actions before the court involve a common question of law or fact, the court may join for hearing or trial any or all matters at

issue in the actions, consolidate the actions, or issue any other order to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a). If the court determines that common questions are present, it must then weigh the savings of time and effort that consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result. Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984). Whether actions should be consolidated under Rule 42(a) is a matter committed to the trial court's discretion. Investors Research Co. v. U.S. District Court, 877 F.2d 777 (9th Cir. 1989).

Although these two cases arise from essentially the same facts – the advertising and sales of ice cream labeled "all natural" which contained alkalized cocoa, which plaintiffs assert is not "natural" – the operative complaints in the two actions differ considerably. Indeed, other than the similarity in the subject matter (use of alkalized cocoa in Breyers ice cream), the two cases do not have a lot in common.

The operative complaint in Thurston is the amended complaint that was filed December 30, 2010, by two California residents. The plaintiffs proposed a class of all persons in the U.S. who purchased Breyers ice cream that contained alkalized cocoa, from October 20, 2006 to the present; and a sub-class of all persons who purchased Breyers ice cream with alkalized cocoa in California from October 20, 2006 to the present.

The FAC alleges causes of action for (1) fraud, (2) unlawful business practices in violation of § 17200; (3) unfair business practices in violation of § 17200; (4) fraudulent business practices in violation of § 17200; (5) false advertising in violation of § 17500; and (6) restitution based on quasi-contract/unjust enrichment.

The operative complaint in Corriette is the original complaint, which was filed in the District of New Jersey on November 4, 2010, by three New Jersey residents, one of whom later withdrew from the case. The plaintiffs proposed a nationwide class defined "in the alternative" as all persons in the U.S. who purchased Breyers ice cream from November 4, 2004 to the present, or all persons in the U.S. who purchased Breyers ice cream in New Jersey from November 4, 2004 to the present.

The complaint alleges causes of action for (1) violation of the New Jersey Consumer

Fraud Act; (2) breach of express warranty; (3) unjust enrichment and common law restitution; (4) breach of implied warranty of merchantability; and (5) breach of implied warranty of fitness for a particular purpose.

The proposed consolidated amended complaint asserts (a) a class consisting of all consumers who bought Breyers ice cream with alkalized cocoa in the U.S. after October 20, 2006, (b) a "California sub-class" consisting of persons who bought Breyers ice cream with alkalized cocoa in California after October 20, 2006; and (c) a "New Jersey sub-class" consisting of all persons who bought Breyers ice cream with alkalized cocoa in New Jersey after October 20, 2006.

The proposed consolidated amended complaint alleges causes of action for (1) fraud; (2) unlawful business practices[1] in violation of § 17200 (on behalf of the named plaintiffs in Thurston, and the California sub-class); (3) unfair business practices in violation of § 17200 (on behalf of the named plaintiffs in Thurston and the California sub-class); (4) fraudulent business practices in violation of § 17200 (on behalf of the named plaintiffs in Thurston and the California sub-class); (5) false advertising in violation of § 17500 (on behalf of the named plaintiffs in Thurston, the California sub-class, and "the general public of the State of California"); (6) violation of the New Jersey Consumer Fraud Act (on behalf of "a nationwide class and alternatively by [the named plaintiffs in Corriette] on behalf of themselves and the New Jersey sub-class members"); (7) breach of express warranty; and (8) restitution based on quasi-contract/unjust enrichment.

This proposed consolidated complaint highlights the differences between the two cases, as four of the eight causes of action apply only to members of the "California sub-class," one of the four remaining causes of action appears to apply only to members of the "New Jersey sub-class" (though plaintiffs seem to think it can also be asserted by members of the nationwide class), and only three of the eight total causes of action can presumably be brought on behalf of the nationwide class.

---

[1] The law that was allegedly violated is the California Sherman Law.

3

On balance, and in light of the differences between the two cases, the court finds that consolidation would result in no savings of time or effort for the court, and will likely result in a degree of confusion and delay. The proposed consolidated complaint simply combines the allegations, causes of action, and counsel from both cases. Consolidation will not streamline the litigation, but will rather add bulk, as the California and New Jersey claims will still have to be resolved for differing groups of plaintiffs. Related case status will serve to permit coordinated discovery and motion practice. However, the trials will be scheduled separately.

**IT IS SO ORDERED.**

Dated:  June 20, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge