UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROSS CORRIETTE
        Plaintiff,

v.

UNILEVER,

        Defendant.
_____/

No.   C 11-1811 PJH (EDL)

ORDER RE DISCOVERY PROCEDURES

TO ALL PARTIES AND COUNSEL OF RECORD:

The above matter has been referred to Chief Magistrate Judge Elizabeth D. Laporte. All hearing dates are subject to the availability of Judge Laporte's calendar. You may review Judge Laporte's calendar and scheduling information on the District Court's website, http://www.cand.uscourts.gov/.

## DISCOVERY MOTIONS

Discovery motions are heard on Judge Laporte's civil law and motion calendar and are to be set on Tuesday mornings at 9:00 a.m., Courtroom E, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, 94102, unless otherwise specified in accordance with Judge Laporte's available dates and times for setting motions.

1. Discovery motions may be addressed to the Court in three ways. A motion may be noticed on not less than 35 days pursuant to Civil L.R. 7-2. Alternatively, any party may seek an order to shorten or enlarge time under Civil L.R. 6-3 if the circumstances justify that relief. In emergencies during discovery events, the Court is available pursuant to Civil L.R. 37-1(b).

In the event a discovery dispute arises, counsel (or if pro se, the party) seeking discovery or a protective order shall confer in good faith with opposing counsel (or pro se party) in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L.R. 37-1(a).  A declaration setting forth these meet and confer efforts and the final positions of each party shall be included in the moving papers.  The Court will not consider discovery motions unless the moving party has complied with Fed. R. Civ. P. 37 and Civil L.R. 37-1(a).

Motions to compel fact discovery must be filed within the time limits contained in Civil Local Rule 37-3.  Motions to compel expert discovery must be filed within the time limits contained in Civil Local Rule 37-3.

2. Motions for sanctions shall be filed by separate motion in accordance with the Federal Rule of Civil Procedure 37 and Civil L.R. 37-4.  The parties shall comply with their meet and confer obligations pursuant to Civil L.R. 37-1(a).  Parties who refuse to meet and confer will be subject to sanctions pursuant to Civil L.R. 37-4.

3. All filings of documents relating to motions referred to Magistrate Judge Laporte shall list the civil case number and the District Court Judge's initials followed by the designation "(EDL)".  At the time of filing of original papers with the clerk's office, the parties are required to submit two conformed copies of each document, one of which shall be designated **"EDL Chambers Copy."**  If documents are filed electronically, courtesy copies shall be provided in accordance with Civil Local Rule 5-1(e)(7). The paper chambers copy must be marked "Chambers Copy" and must be lodged with the Clerk's Office, in an envelope clearly marked with the judge's name, case number, and "Chambers Copy." Parties must not <u>file</u> a paper copy of any document with the Clerk's Office that has already been filed electronically.

4. Rule 26(e)(1) of the Federal Rules of Civil Procedure requires all parties to supplement or correct their initial disclosures, expert disclosures, pretrial disclosures, and responses to discovery requests under the circumstances itemized in that Rule, and when ordered by the Court.  The Court expects that the parties will supplement and/or correct their disclosures promptly when required under that Rule, without the need for a request from opposing counsel.  **In addition to the general requirements of Rule 26(e)(1), the parties will supplement and/or correct all previously made disclosures and discovery responses 28 days before the fact discovery cutoff date.**

5. **Privilege logs.** If a party withholds information that is responsive to a discovery request, and is otherwise discoverable under the Federal Rules of Civil Procedure, by claiming that it is privileged, or protected from discovery under the attorney work product doctrine or any other protective doctrine (including, but not limited to, privacy rights), that party shall prepare a "privilege log" (Fed. R. Civ. P. 26(b)(5)) setting forth the privilege relied upon and specifying separately for each document or for each category of similarly situated documents:

    a.    The name and job title or capacity of the author;

    b.    The name and job title or capacity of each recipient;

    c.    The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

    d.    The title and description of the document;

    e.    The subject matter addressed in the document;

    f.    The purpose(s) for which it was prepared or communicated; and

    g.    The specific basis for the claim that it is privileged.

The privilege log will be produced as quickly as possible, but no later than 14 days after the discovery responses are due, unless the parties stipulate or the Court orders otherwise in a particular case.

6. In responding to requests for documents and materials under Rule 34 of the Federal Rules of Civil Procedure, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced <u>all</u> such materials so described that are locatable after a diligent search of <u>all</u> locations at which such materials might plausibly exist.

7. All documents shall be filed at the Clerk's Office in compliance with the Civil Local Rules. Documents not filed in compliance with those rules will not be considered by the Court.

8. Discovery motions may be submitted without argument upon stipulation of the parties and order of the Court no later than two (2) court days before the hearing.

9. The Court strives to set matters and render decisions in a timely manner. The Court encourages parties to advise the Court by letter to chambers of any matter that appears to have been unduly delayed.

**The failure of counsel or a party to abide by this Order may result in sanctions pursuant to Federal Rule of Civil Procedure 16(f).  A party or counsel has a continuing duty to supplement the initial disclosure when required under Federal Rule of Civil Procedure 26(e)(1).**

Dated: 2/5/14

_____
ELIZABETH D. LAPORTE
United States Chief Magistrate Judge